USCA1 Opinion

 

 September 6, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1093 UNITED STATES, Appellee, v. MICHAEL A. CROOKER, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Joseph L. Tauro, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Cyr and Stahl, Circuit Judges. ______________ ____________________ Owen S. Walker, Federal Defender Office, on brief for appellant. ______________ Donald K. Stern, United States Attorney, and Ariane D. Vuono, ________________ ________________ Assistant U.S. Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Michael A. Crooker, who is currently __________ serving a 96-month term of imprisonment, appeals from a district court order denying his motion to delete or amend a special condition of supervised release requiring him to comply with the requirements of the Internal Revenue Service (I.R.S). We think that Crooker's concern that the condition is too vague is premature. Crooker's probation officer has indicated that the I.R.S. will contact Crooker directly with its requirements and instructions. Cf. United States v. ___ _____________ Gallo, 20 F.3d 7, 12 (1st Cir. 1994) (observing that the _____ notification process is not limited to the four corners of the probation order, and that the meaning of a probation order may be illuminated by the judge's statements, the probation officer's instructions, or other events, any or all of which may assist in completing the notification process). Should the I.R.S. fail to do so on or about the time Crooker is released--or should the instructions be unclear, incomplete, or otherwise leave any of Crooker's questions unanswered--Crooker may seek further clarification from Probation or from the district court. Similarly, Crooker may, at that time, bring to the attention of the district court any concern that the I.R.S. instructions are inconsistent with the plea agreement or with the district court's intent at sentencing.  Affirmed. See Loc. R. 27.1. _________ ___ -2-